IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |  | |
|---|---|---|---|
| **LISA WEATHERSBY-BELL** | : | | |
| | : | | |
| **Plaintiff,** | : | | |
| | : | | |
| v. | : | | |
| | : | **CASE NO.: 1:20-cv-01649 CRC** |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,** | : | | |
| | : | | |
| **Defendant.** | : | | |

**JOINT RULE 16.3 REPORT**

Per the October 6, 2020 Order for Initial Scheduling Conference and pursuant to Fed. R. Civ. P. 26(f) and L. R. Civ. 16.3, counsel for the parties have conferred with respect to the matters required by the foregoing authorities. David Tompkins, Esquire, on behalf of the Plaintiff and Neal M. Janey, Jr., Esquire on behalf of Defendant, participated in the conference. The parties jointly submit this report setting forth their positions on the matters discussed in the conference.

A.   **BRIEF STATEMENT OF THE CASE**

**Plaintiff:**   On January 3, 2019, plaintiff was the driver of a 2016 Honda CRV that was stopped for traffic on 11th Street NW at its intersection with Harvard Street NW in Washington, D.C. As she was stopped, a WMATA bus struck her vehicle in the rear. The driver of the Metrobus was issued a citation for following too closely.

**Defendant:**   On or about January 3, 2019, Plaintiff claims that WMATA's Metrobus contacted her vehicle in a rear-end collision while she was stopped in the lane of traffic. WMATA contends that after servicing a bus stop in the service lane, it moved its Metrobus

1

forward and into the lane of traffic when Plaintiff, initially attempting to make a right turn from the service lane, abruptly and without warning proceeded to turn into the lane of travel, go straight, and then abruptly stopped in the lane of travel for no reason while the light was green. Plaintiff's sudden and unjustified actions caused WMATA's Metrobus to make contact with Plaintiff's vehicle.

### B.  PROPOSED SCHEDULE

The parties have conferred and propose the following schedule:

**Commencement of Discovery**: The first business day after the court accepts the parties proposed scheduling order.  (October 31, 2020)

**Rule 26(a)(1) Initial Disclosures**: The parties shall make their respective Rule 26(a)(1) disclosures within 30 days after the Court approves and enters the scheduling order.  (November 30, 2020)

**Proponent's Rule 26(a)(2) Disclosures**:  Proponent's Rule 26(a)(2) disclosures must be made within 60 days after the Court approves and enters the scheduling order. (December 30, 2020)

**Opponents Rule 26(a)(2) Disclosures**:   Opponent's Rule 26(a)(2) disclosures must be made within 30 days after the Proponent's Rule 26(a)(2) disclosures are made.  (January 30, 2021)

**Deadline to Amend Pleadings/Join Additional Parties**: Amendment to pleadings and/or joinder of additional parties shall be made no later than 21 days after the Scheduling Order has been entered. (November 21, 2020)

**Discovery Cutoff:**  Discovery shall close 120 days after the Court approves and enters the scheduling order. (March 1, 2021)

**Dispositive Motions:** Dispositive motions shall be due 45 days following the close of discovery. (April 15, 2021)

**Pretrial Conference:** To be determined by the Court after the Court's ruling on any dispositive motions.

**Trial:** To be determined by the Court.

### C.  LOCAL 16.3(c) MATTERS DISCUSSED BY THE PARTIES

1. **Dispositive Motions**

There are no dispositive motions pending.

**Plaintiff:** Plaintiff will file dispositive motions as necessary.

**Defendant:** Defendant will file dispositive motions if necessary.

2. **Joinder and Amendment & Factual and Legal Issues to Be Agreed Upon or Narrowed**

The parties do not anticipate that the pleadings will be amended or that additional parties will be joined. However, the parties agree that all parties shall be joined and pleadings be amended within 21 days after the Scheduling Order is approved and entered. At this point, the parties are not able to identify any factual or legal issues to be agreed upon or narrowed.

3. **Assignment to Magistrate Judge**

**Plaintiff:** Plaintiff consents to proceeding before a Magistrate Judge.

**Defendant:** WMATA does not consent to proceeding before a magistrate judge.

4. **Settlement**

**Plaintiff:** Plaintiff is always open to settlement negotiations.

**Defendant:** Defendant does not anticipate being in a position to evaluate this case for settlement until after discovery is completed and dispositive motions are filed and ruled on.

5. **ADR**

**Plaintiff:** Plaintiff consents to ADR at the conclusion of discovery.

**Defendant:** Defendant believes that ADR can be considered at the conclusion of discovery and after dispositive motions are ruled on. *See* Paragraph 4, *supra*.

6. **Resolution by Summary Judgment & Dates for Dispositive Motions**

**Plaintiff:** At this time, Plaintiff does not anticipate resolution by motion.

**Defendant:** Defendant anticipates filing a motion for summary judgment if necessary.

**Parties:** The parties propose that (A) dispositive motions should be submitted to the Court no later than forty-five (45) days after the close of discovery (B) oppositions to dispositive motions should be submitted to the Court no later than twenty-one (21) days after any such

motions are filed; and (C) reply briefs should submitted to the Court no later than fourteen (14) days after an opposition motion is filed.

### 7. Initial Disclosures

The parties shall make their respective Rule 26(a)(1) disclosures within 30 days after the Court approves and enters the scheduling order.

### 8. Discovery

**Length of Fact Discovery**: Discovery shall close 120 days after the Court approves and enters the scheduling order

**Limits Placed on Discovery:** The parties agree that discovery should be conducted in accordance with the Federal Rules of Civil Procedure. The parties also propose that each party should be limited to no more than twenty-five (25) requests for production under Fed. R. Civ. P. 34.

**Protective Order**:

**Plaintiff:** Plaintiff will consent to a protective order.

**Defendant:** Defendant believes that a protective order will be necessary for confidential and/or proprietary information that may be disclosed during discovery. Defendant will confer with Plaintiff to enter a Protective Order by Consent.

### 9. Electronically Stored Information

**Plaintiff:** None.

**Defendant:** The defendant does not believe electronic discovery will be necessary in this case and agree that documents initially created in electronic form, including electronic mail, should be produced in hard copy and/or searchable pdf format.

### 10. Privilege & Trial Preparation Materials

**Plaintiff:** Other than communications with counsel, Plaintiff anticipates none.

**Defendant:** WMATA is certain that its reports have information which will require redacting pursuant to the self-evaluative privilege. It is also possible that some documents requested during discovery will be protected by attorney work product and/or attorney client privileges as well.

### 11. Expert Witness Reports

The parties propose that expert witness reports be made during the Rule 26(a)(2) disclosure deadlines listed in Section B above and that any supplementations of the expert witness reports be made prior to thirty (30) days before the end of the discovery period.

**12.    Class Actions**

Not applicable.

**13.    Bifurcation**

The parties do not anticipate the need to bifurcate discovery and/or the trial.

**14.    Pretrial Conference**

The parties propose that the date for the Pretrial Conference be set after the Court rules on any dispositive motions, if filed.

**15.    Trial Date**

The parties propose that the trial date be set at the Pretrial Conference.

**16.    Other Matters**

The parties see no other matters appropriate for inclusion in a scheduling order.

**D.    CONCLUSION**

The parties respectfully request that the Court enter the proposed scheduling order that the parties have set forth herein.

Respectfully submitted,

*/s/ David E. Tompkins*
David E. Tompkins – Bar #457632
Lewis & Tompkins, P.C.
836 Bonifant Street
Silver Spring, MD 20910
Tel. 202-296-0666
Fax. 202-371-9228
Email: dtompkins@lewisandtompkins.com

*/s/ Neal M. Janey, Jr.*
Neal M Janey, Jr. – Bar # 995449
Associate General Counsel
WMATA – Office of General Counsel
600 Fifth Street, N.W.
Washington, D.C. 20001
Tel. (202) 962-1067
Fax.(202) 962-2550
Email: nmjaney@wmata.com